**KINGSLEY & KINGSLEY, APC**
ERIC B. KINGSLEY, Esq. (SBN 185123)
eric@kingsleykingsley.com
KELSEY M. SZAMET, Esq. (SBN 260264)
kelsey@kingsleykingsley.com
JUSTIN M. AUFDERHAR, Esq. (SBN 314023)
justin@kingsleykingsley.com
16133 Ventura Blvd., Suite 1200
Encino, CA 91436
(818) 990-8300, Fax (818) 990-2903

**DAVTYAN PROFESSIONAL LAW CORPORATION**
EMIL DAVTYAN, Esq., Cal. Bar No. 299363
emil@davtyanlaw.com
21900 Burbank Blvd, 3rd Floor
Woodland Hills, California 91306
Telephone: (818) 992-2935
Fax: (818) 975-5525

Attorneys for Plaintiff and the Proposed Class

## UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE URENA, an individual, on behalf of himself and others similarly situated,<br><br>PLAINTIFF,<br><br>v.<br><br>CENTRAL CALIFORNIA ALMOND GROWERS ASSN. and DOES 1-10,<br><br>DEFENDANTS. | CASE NO.<br><br>**CLASS ACTION COMPLAINT FOR:**<br>1. Failure to Provide Meal Periods Under Cal. Lab. Code §§ 226.7 and 512<br>2. Failure to Keep Records of Meal Periods Pursuant to IWC Wage Order 8-2001 and Cal. Lab. Code § 1199<br>3. Failure to Provide Rest Periods Under IWC Wage Order 8-2001 and Cal. Lab. Code § 226.7<br>4. Violation of Cal. Lab. Code § 226<br>5. Violation of Cal. Lab. Code §§ 510, 1194, and 1194.2 for Unpaid Wages, State Minimum Wages, Overtime, or Double Time<br>6. Waiting Time Penalties Under Cal. Lab. Code § 203<br>7. Violation of Cal. Business & Professions Code § 17200, *et seq.*<br>8. Violation of the Migrant and Seasonal Agricultural Worker Protection Act, 29 U.S.C. §§ 1801-1872 |

Plaintiff JOSE URENA ("Plaintiff"), on behalf of himself and all others similarly situated, alleges on information and belief, the following:

## I.

## **INTRODUCTION**

1.    This is a class action brought by non-exempt hourly agricultural employees of CENTRAL CALIFORNIA ALMOND GROWERS ASSOCIATION ("Almond Growers") for (1) the recovery of meal and rest period penalties under Cal. Lab. Code §226.7 for when a meal or rest period is not provided as required by California law, (2) penalties for failing to record meal periods as required by Wage Order 8-2001(7)(A)(3) and Cal. Lab. Code § 1199, (3) penalties under Cal. Lab. Code §226(e) for having inaccurate wage statements due to Defendant's policy of auto-deducting meal periods from total hours worked even when the meal period was shorter than 30 minutes, was not offered, was waived, or was an on-duty meal period, (4) unpaid wages, (5) waiting time penalties, (6) damages under the Migrant and Seasonal Agricultural Worker Protection Act ("AWPA"), 29 U.S.C. §1854, for violating working arrangements regarding meal and rest periods, for failing to pay all wages owed, and for failing to accurately record the number of hours worked, the total pay period earnings, and the net pay, and for (7) injunctive and declaratory relief, and for (8) attorneys' fees and costs.

2.    The relevant liability period is four (4) years prior to the filing of this action to the present ("the relevant period").

3.    Defendant is a non-profit grower-owned cooperative that was organized for the purpose of hulling and shelling almonds delivered by its members. Defendant maintains two sites. The Kerman, California site consists of three huller/sheller plants, a stockpile yard, and the Association office. The Sanger, California site consists of one huller/sheller plant, a stockpile yard and a satellite office. Both sites are located in Fresno County, California. After hulling and shelling, the Association delivers the almonds to the members' marketing organization, which takes title to the almonds and handles the proceeds from sale.

4.     The Plaintiff and the Proposed Class Members are "seasonal agricultural workers" within the meaning of 29 U.S.C § 1802(10), and are or were employed at Almond Growers, which is an "agricultural association" and an "agricultural employer" within the meaning of 29 U.S.C. §1802(1)-(2), to shell and hull raw almonds, to transport almonds to and from the stockpile yard, and to deliver the shelled almonds to the members' marketing organization.

## II.

## JURISDICTION AND VENUE

5.     The Court has jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. §1331 (federal question) and 29 U.S.C. §1854. The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

6.     Venue is proper in this district pursuant to 28 U.S.C. §1891(d) because the actions at issue took place in this district.

## III.

## INTRADISTRICT ASSIGNMENT

7.     This case is properly assigned to the Fresno Division of this Court because the actions arose in or near Kerman, California and Sanger, California and Defendant's headquarters is located in Kerman, California.  (See Local Rule 3-120(d).)

## IV.

## PARTIES

8.     Plaintiff Jose Urena is a resident of Fresno County, California.

9.     Plaintiff worked for Defendant as an almond sheller/huller from approximately August 16, 2017 until December 5, 2017 at Defendant's Kerman, California site.

10.     Plaintiff is believed to be covered by the California Industrial Welfare Commission ("IWC") Occupational Wage Order No. 8-2001.

11.     The Proposed Class Members, including Plaintiff, were seasonal agricultural workers within the meaning of 29 U.S.C. §1802(10) when they worked for

Defendant by shelling/hulling raw almonds, by transporting almonds to and from the stockpile yard, and/or by delivering the shelled almonds to the members' marketing organization to be sold on the market.

12.   Defendant Almond Growers is a California Corporation that maintains its executive office in Kerman, California in Fresno County.   The corporate address is believed to be 8325 S Madera Avenue, Kerman, CA 93630.

13.   Defendant employs seasonal agricultural workers to process and transport almonds.   Defendant maintains two sites.   The Kerman, California site consists of three huller/sheller plants, a stockpile yard, and the Association office.   The Sanger, California site consists of one huller/sheller plant, a stockpile yard and a satellite office.   Both sites are located in Fresno County, California.   After hulling and shelling, the Association delivers the almonds to the members' marketing organization, which takes title to the almonds and handles the proceeds from sale.

14.   Almond Growers is an "agricultural association" and an "agricultural employer" within the meaning of 29 U.S.C. §1802(1)-(2).

15.   With respect to the events at issue in this case, Defendant acted as the employer of Plaintiff and all other persons similarly situated.   Defendant was responsible for hiring, firing, creating and implementing meal and rest period policies, and issuing paychecks.

16.   As the employer, Defendant is liable for the violations of law described in this Complaint.

17.   Plaintiff is ignorant of the true name, capacity, relationship and extent of participation in the conduct alleged herein of the Defendants sued as DOES 1 through 10, but is informed and believes that said Defendants are legally responsible for the wrongful conduct alleged herein and therefore sues these Defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained.

18.   Plaintiff is informed and believes that each Defendant acted as the agent of

the other Defendants, and/or carried out a joint scheme, business plan or policy, and/or the acts of each Defendant are legally attributable to the other Defendants.

## V.

## FACTUAL BACKGROUND

19.    The Proposed Class Members, including Plaintiff, are current and former employees of Defendant, and during the relevant period, were non-exempt hourly agricultural employees within the meaning of the California Labor Code and the IWC California Wage Orders.

20.    The Proposed Class Members, including Plaintiff, are believed to be covered by the California Industrial Welfare Commission ("IWC") Occupational Wage Order No. 8-2001.

21.    The relevant liability period is four (4) years prior to the filing of this action to the present ("the relevant period").

22.    During the relevant period, Almond Growers has employed, as that term is used in 29 U.S.C. §1892(3), many seasonal agricultural workers at the Kerman, California and Sanger, California sites to shell and hull almonds, to transport almonds to and from the stockpile yard, and to deliver shelled almonds to the members' marketing organization.

23.    Plaintiff worked for Defendant at the Kerman, California site as an almond sheller/huller from approximately August 16, 2017 until December 5, 2017 earning $10.50 per hour.

24.    During the relevant period, the Proposed Class Members entered into working arrangements, which were "at-will" written employment contracts in this case, with Defendant.  These arrangements are typically formed and entered into each season, generally starting in early August and ending mid-December.

25.    By written agreements, words, conduct, practice, or custom and usage, including but not limited to posting the applicable California IWC Wage Order at the place of employment, Defendant communicated to employees that they would follow

California's applicable wage order and laws.

26. These working arrangements required Defendant to provide meal and rest periods as required by California law, and to abide in all respects by IWC Wage Order 8-2001, which formed part of the working arrangement and/or agreement.

27. Said contracts are and were "working arrangements" as that term is used in the AWPA, 29 U.S.C. §1832(c).

28. Defendant maintained written meal and rest period policies, but these policies were not implemented according to California law.

29. During the relevant period, first and second meal periods mandated by California law were routinely provided late to Proposed Class Members. In addition, the second meal period was not offered.

30. During the relevant period, Defendant failed to provide rest periods of at least ten consecutive minutes for every four (4) hours worked or major fraction thereof. Specifically, Proposed Class Members, including Plaintiff, were not allowed to take rest breaks despite a written company policy.

31. During the relevant period, Defendant's policy of failing to properly record all meal periods including its policy of auto-deducting meal periods from time worked deprived Plaintiff and the Proposed Class of all wages owed because first meal periods were routinely late, shorter than 30 minutes, or were never offered at all. Likewise, second meal periods generally were not offered at all. In addition, the auto-deduct policy did not take into account whether the meal period was waived or was an on-duty meal period. Thus, Defendant forced Proposed Class Members to work through a significant portion or all of their meal periods without earning the lawful minimum wage, without earning their regular wages, and without their total time spent working accounted for when calculating overtime and double time.

32. As a result of this auto-deduct policy, Defendant failed to issue itemized wage statements to Proposed Class Members during the relevant period that accurately show the total hours worked by the employee as required by Cal. Lab. Code § 226(a)(2).

Because the total hours worked is inaccurate, the gross wages earned, the net wages earned, the deductions for tax purposes, and the applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate as reflected on employees' paystubs are also inaccurate. *See* Cal. Lab. Code § 226(a)(1), (4), (5), and (9). Defendant's failure to issue accurate wage statements was knowing and intentional as required by Cal. Lab. Code § 226(e).

33. During the relevant period, Defendant also failed to accurately record meal periods as required by Wage Order 8-2001(7)(A)(3) and Cal. Lab. Code § 1199.

34. The alleged conduct constitutes unlawful and unfair business practices under Cal. Business and Professions Code §17200, *et seq*.

35. Plaintiff was hired by Defendant to shell/hull almonds from approximately August 16, 2017 until December 5, 2017. This time frame overlaps with the almond season according to Defendant's website,[1] and the written employment offer to Plaintiff specifically extended an offer as a *Seasonal* Employee. Thus, Plaintiff is a "seasonal agricultural worker" under 29 U.S.C. §1802(10).

36. According to Defendant's website, Defendant is a "non-profit grower-owned cooperative" that was "organized as an Agricultural Service Cooperative under Chapter 4 of Division VI of the Agricultural Code of the State of California in 1963 for the purpose of hulling and shelling almonds delivered by its patrons."[2] Since Defendant hired Plaintiff, who is a seasonal agricultural worker, Defendant is an "agricultural association" under 29 U.S.C. §1802(1).

37. Furthermore, Defendant is also an "agricultural employer" under 29 U.S.C. §1802(2) since Defendant owns a processing facility for shelling/hulling almonds and hires seasonal agricultural workers like Plaintiff.

38. During the relevant period, Defendant violated the AWPA by [1] violating

---

[1] Central California Almond Growers Association, *About Us* (accessed March 21, 2018), http://www.ccaga.com/about-us/.

[2] *Id.*

the "working arrangements" it had with the Proposed Class Members per 29 U.S.C. §1832(c) regarding meal and rest periods, [2] for failing to pay all wages owed as required by 29 U.S.C. §1832(a), and [3] for failing to accurately record the number of hours worked, the total pay period earnings, and the net pay as required by 29 U.S.C. §1831(c)(1)(C), (D), and (F).

39.     As a result, Plaintiff is entitled to damages pursuant to the AWPA's private right of action provision, 29 U.S.C. §1854, for these violations.

## VI.

## CLASS ACTION ALLEGATIONS

40.     Plaintiff bring this action on behalf of himself and all others similarly situated as a Class Action pursuant to F.R.C.P. 23(a) and 23(b)(3).   Plaintiff seeks to represent a Class defined as follows:

> All persons who are employed or have been employed by ALMOND GROWERS, in the state of California, and who have worked one or more shifts as a non-exempt hourly agricultural employee since four (4) years prior to the filing of this action to the present. (the "Class" or "Proposed Class")

41.     Plaintiff reserves the right to amend or modify the Class description with greater specificity or further division into subclasses.

### A.     **Numerosity**

42.     The potential number of Proposed Class Members is so numerous that joinder of all Class members is impracticable.   While the precise number of Class members is not yet determined, Plaintiff is informed and believes that Defendant, during the relevant period, employed over 1,000 seasonal workers that meet the Class definition.

43.     Plaintiff alleges that Defendant's employment records would provide information as to the number and location of all members of the Proposed Class.

### B.     **Commonality**

44.     There are questions of law and fact common to the Class that predominate over any questions affecting only individual members of the Class.   These common questions of law and fact include, without limitation:

(a)    Whether Defendant failed to provide required meal periods (and/or failed to pay meal period penalties) pursuant to Cal. Lab. Code §§226.7 and 512;

(b)    Whether Defendant failed to provide rest periods (and/or failed to pay rest period penalties) pursuant to IWC Wage Order 8-2001 and Cal. Lab. Code §226.7;

(c)    Whether Defendant failed to accurately record meal periods pursuant to IWC Wage Order 8-2001;

(d)    Whether Defendant failed to issue accurate itemized wage statements pursuant to Cal. Lab. Code § 226;

(e)    Whether Defendant paid all wages due for all hours worked, including the lawful state minimum wage, overtime, and/or double time pursuant to Cal. Lab. Code §§510, 1194 and 1194.2;

(f)    Whether Defendant violated Cal. Lab. Code §203 by failing to pay compensation due and owing at the time that any Class member's employment with Defendant ended;

(g)    Whether Defendant violated §17200 *et seq.* of the Business & Professions Code by engaging in the acts previously alleged;

(h)    Whether Defendant is liable for penalties under Cal. Lab. Code § 2699, *et seq.*

(i)    Whether Defendant violated the AWPA, 29 U.S.C. §1801 *et seq.*, by failing to pay proper wages due to Class members for all hours worked, by failing to honor the working arrangements regarding rest and meal periods, and by failing to accurately record the number of hours worked, the total pay period earnings, and the net pay.

**C.    Typicality**

45.    The claims of the Named Plaintiff are typical of the claims of the Proposed Class.

46.    Plaintiff is a members of the Proposed Class.   Plaintiff was formerly employed by Defendant and was subjected to the same unlawful practices as other members of the Proposed Class.   Plaintiff and other members of the Class suffered the

1  same injuries and seek the same relief.

2      **D.**     **Adequacy of Representation**

3      47.   Plaintiff will fairly and adequately represent and protect the interests of all

4  Class members.

5      48.   Counsel for Plaintiff are competent and experienced in litigating large

6  employment class actions.

7      **E.**     **Predominance and Superiority of Class Action**

8      49.   A class action is superior to other available means for the fair and efficient

9  adjudication of this controversy.  Individual joinder of all Class Members is not

10 practicable, and questions of law and fact common to the Class predominate over any

11 questions affecting only individual members of the Class.

12     50.   Class action treatment will allow those similarly situated persons to litigate

13 their claims in the manner that is most efficient and economical for the parties and the

14 judicial system. Plaintiff is unaware of any difficulties that are likely to be encountered in

15 the management of this action that would preclude its maintenance as a class action.

16     51.   Class action treatment will allow a large number of similarly situated

17 agricultural employees to prosecute their common claims in a single forum,

18 simultaneously, efficiently, and without the unnecessary duplication of effort and expense

19 that numerous individual actions would require. Further, the monetary amounts due to

20 many individual class members are likely to be relatively small, and the burden and

21 expense of individual litigation would make it difficult or impossible for individual

22 members of the Class to seek and obtain relief.  A class action will serve an important

23 public interest by permitting employees harmed by Defendant's unlawful practices to

24 effectively pursue recovery of the sums owed to them.

25 / / /

26 / / /

27 / / /

28 / / /

# VII.

## FIRST CAUSE OF ACTION

### Failure to Provide Meal Breaks Under Cal. Lab. Code §§ 226.7 and 512

52. Plaintiff incorporates each and every allegation set forth in all of the foregoing paragraphs as if fully set forth herein.

53. Absent a valid on-duty meal period agreement or waiver, Cal. Lab. Code §512 mandates that employees who work more than five (5) hours in a workday are entitled to a first meal period that must be provided within the first five (5) hours of the shift. Employees who work more than ten (10) hours in a workday are entitled to a second meal period that must be provided within the first ten (10) hours of the shift.

54. In addition, in order to "provide" a meal period under California law, an employer must: (1) relieve its employees of all duty; (2) relinquish control over their activities; (3) permit them a reasonable opportunity to take an uninterrupted 30-minute break; and (4) not impede or discourage them from doing so.

55. Unless the employee is relieved of all duty during a 30 minute meal period, the meal period must be considered an "on duty" meal period and counted as time worked. *See* IWC Wage Order 8-2001(11)(C).

56. While Defendant maintained a written meal period policy, its meal period policy was not implemented according to California law.

57. During the relevant period, first meal periods mandated by California law were often provided late to Proposed Class Members, were routinely shorter than 30 minutes, or were not offered at all.

58. During the relevant period, second meal periods mandated by California law were not offered at all.

59. Cal. Lab. Code § 226.7(c) requires employers to pay one (1) additional hour of pay at the employee's regular rate of compensation for each workday that a meal period is not provided according to the rules set forth above.

/ / /

# VIII.

## SECOND CAUSE OF ACTION

### Failure to Keep Records of Meal Breaks Pursuant to IWC Wage Order 8-2001 and Cal. Lab. Code § 1199

60.    Plaintiff incorporates each and every allegation set forth in all of the foregoing paragraphs as if fully set forth herein.

61.    IWC Wage Order 8-2001 applies to "all persons employed in the industries handling products after harvest...."    The Division of Labor Standards Enforcement ("DLSE") issued guidance in March 2013 regarding which Wage Order applies. According to these guidelines, Defendant falls into category three (3) since it is a cooperative whose purpose is to shell/hull almonds.

62.    IWC Wage Order 8-2001(7)(A)(3) provides that: Every employer shall keep accurate information with respect to each employee including the following: Time records showing when the employee begins and ends each work period. Meal periods, split shift intervals and total daily hours worked shall also be recorded. Meal periods during which operations cease and authorized rest periods need not be recorded.

63.    Accordingly, Defendant was required under IWC Wage Order 8-2001(7)(A)(3) to record all meal periods including the start and end times.

64.    Cal. Lab. Code § 1199 prohibits an employer from causing any employee to work under conditions of labor prohibited by an order of the Industrial Welfare Commission ("IWC").

65.    Because Defendant failed to properly record all meal periods, it violated IWC Wage Order 8-2001(7)(A)(3), and Plaintiff is entitled to civil penalties.

66.    Pursuant to IWC Wage Order 8-2001(20)(A) the civil penalties for failing to record these meal periods are:

(A) In addition to any other civil penalties provided by law, any employer or any other person acting on behalf of the employer who violates, or causes to be violated, the provisions of this order, shall be subject to the civil penalty of:

(1) Initial Violation -- $50.00 for each underpaid employee for each pay period during which the employee was underpaid in addition to the amount which is sufficient to recover unpaid wages.

(2) Subsequent Violations -- $100.00 for each underpaid employee for each pay period during which the employee was underpaid in addition to an amount which is sufficient to recover unpaid wages.

## IX.

## THIRD CAUSE OF ACTION

### Failure to Provide Rest Breaks Under Wage Order 8-2001(12) and Cal. Lab. Code §226.7

67.    Plaintiff incorporates each and every allegation set forth in all of the foregoing paragraphs as if fully set forth herein.

68.    Wage Order 8-2001(12)(A) provides:  (A) Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof.  However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3.5) hours. Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages.

69.    While Defendant maintains a written rest period policy, the rest period policy was not implemented according to California law.

70.    Specifically, Plaintiff and Proposed Class Members during the relevant period were not provided all required rest periods as matter of common policy and practice.

71.    Thus, each Class member is entitled to one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period was not provided. *See* Wage Order 8-2001(12)(B) and Cal. Lab. Code § 226.7(c).

/ / /

/ / /

# X.

## FOURTH CAUSE OF ACTION

### Violation of Cal. Lab. Code § 226

72.    Plaintiff incorporates each and every allegation set forth in all of the foregoing paragraphs as if fully set forth herein.

73.    Cal. Lab. Code § 226(a) provides: An employer … at the time of each payment of wages, shall furnish to his or her employee, … an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except as provided in subdivision (j), … (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, … and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee and … a copy of the [wage] statement … shall be kept on file by the employer for at least three years….

74.    As a result of the allegations herein, Defendant failed to issue itemized wage statements to Proposed Class Members during the relevant period that accurately show the total hours worked by the employee as required by Cal. Lab. Code § 226(a)(2). Because the total hours worked is inaccurate, the gross wages earned, the net wages earned, the deductions for tax purposes, and the applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate as reflected on employees' paystubs are also inaccurate. *See* Cal. Lab. Code § 226(a)(1), (4), (5), and (9).

75.    Defendant's failure to issue accurate wage statements was knowing and intentional as required by Cal. Lab. Code § 226(e).

76.    Thus, Plaintiff is entitled to penalties under Cal. Lab. Code § 226(e): An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred

dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

## XI.

### FIFTH CAUSE OF ACTION

### Violation of Wage Order 8-2001 and Cal. Lab. Code §§ 510, 1194, and 1194.2 for Unpaid Wages, State Minimum Wages, Overtime, or Double Time

77.    Plaintiff incorporates each and every allegation set forth in all of the foregoing paragraphs as if fully set forth herein.

78.    Wage Order 8-2001 and Cal. Lab. Code §§ 510, 1194, and 1194.2 require that an employee be paid all wages owed, including the applicable overtime and double time hourly rates, as well as the lawful minimum wage for all hours worked.

79.    Moreover, pursuant to Cal. Lab. Code § 510(a) and Wage Order 8-2001(3)(A)(3) overtime hours must be compensated at: (a) One and one-half (1.5) times the employee's regular rate of pay for all hours worked in excess of eight (8) hours up to and including 12 hours in any workday, and for the first eight (8) hours worked on the seventh (7th) consecutive day of work in a workweek; and (b) Double the employee's regular rate of pay for all hours worked in excess of 12 hours in any workday and for all hours worked in excess of eight (8) hours on the seventh (7th) consecutive day of work in a workweek.

80.    During the relevant period, Defendant's policy of auto-deducting the first meal period (30 minutes) and the second meal period (30 minutes) from time worked deprived Plaintiff and the Proposed Class of all wages owed because second meal periods were routinely shorter than 30 minutes or were never offered.  In addition, the auto-deduct policy did not take into account whether the meal period was waived or was an on-duty meal period.  Thus, Defendant often forced Proposed Class Members to work through a significant portion or all of their second meal periods without earning the lawful minimum wage, without earning their regular wages, and without their total time

spent working accounted for when calculating overtime and double time.

81.    Accordingly, Plaintiff is entitled to unpaid wages and civil penalties pursuant to Wage Order 8-2001(20)(A).

82.    Since Defendant failed to pay the lawful minimum wage for all hours worked, Plaintiff is also entitled to interest and liquidated damages equal to the wages unlawfully unpaid.  *See* Cal. Lab. Code § 1194.2.

**XII.**

**SIXTH CAUSE OF ACTION**

**Waiting Time Penalties Under Labor Code § 203**

83.    Plaintiff incorporates each and every allegation set forth in all of the foregoing paragraphs as if fully set forth herein.

84.    Cal. Labor Code § 203(a) provides:  If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.3, 201.5, 201.9, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days.

85.    Plaintiff was discharged on or around December 2017 and did not receive all wages due.

86.    Furthermore, Defendant's work is seasonal.  This means that Plaintiff and all Proposed Class Members did not receive all wages owed when they were discharged, laid off, or quit each season.

87.    By willfully failing to pay wages due to Proposed Class Members, including Plaintiff, when they were discharged, laid off, or quit, in accordance with Cal. Lab. Code §§201, 202, and 205.5, Defendant violated Cal. Lab. Code §203.

88.    Thus, the wages of Proposed Class Members, including Plaintiff, should continue as a penalty for an additional 30 days.  *See* Cal. Lab. Code § 203(a).

/ / /

## XIII.
## SEVENTH CAUSE OF ACTION

### Violation of Cal. Business & Professions Code § 17200, *et seq.*

89.  Plaintiff incorporates each and every allegation set forth in all of the foregoing paragraphs as if fully set forth herein.

90.  California Business and Professions Code § 17200, *et seq.*, provides that "unfair competition shall mean and include any unlawful, unfair, or fraudulent business act or practice...."

91.  Plaintiff bring this action on behalf of himself, the Proposed Class Members, and the general public pursuant to § 17204 of the California Business & Professions Code.

92.  In California, there is a fundamental and substantial public policy protecting an employee's meal periods, rest periods, and wages, as well as ensuring that an employee's wage statements are accurate.

93.  The following practices of Defendant are unlawful and unfair business practices under California Business & Professions Code § 17200 *et seq.*:

(a) Failing to provide meal periods mandated by California law (and/or failing to pay meal period penalties);

(b) Failing to record meal periods;

(c) Failing to provide rest periods mandated by California law (and/or failing to pay rest period penalties).

(d) Failing to provide accurate wage statements;

(e) Failing to pay Proposed Class Members, including Plaintiff, for all hours worked; and

(f) Failing to pay Proposed Class Members, including Plaintiff, all final wages owed upon separation from employment with Defendant; and

94.  The unlawful and unfair acts described herein present a continuing threat to the general public which cannot be adequately remedied at law.  Plaintiff is informed and

believes that such conduct will continue unless enjoined by this Court pursuant to § 17203 of the Business and Professions Code.

95.    The statute of limitations period under the Business and Professions Code § 17208 is four (4) years. Accordingly, Plaintiff seeks relief for the period going back four years prior to the filing of this Complaint and continuing to the present until judgment is entered.

## XIV.

## EIGHTH CAUSE OF ACTION

## Violation of the Migrant and Seasonal Agricultural Worker Protection Act ("AWPA"), 29 U.S.C. §§ 1801-1872

96.    Plaintiff incorporates each and every allegation set forth in all of the foregoing paragraphs as if fully set forth herein.

97.    29 U.S.C. § 1854 provides:

Any person aggrieved by a violation of this chapter or any regulation under this chapter by a farm labor contractor, agricultural employer, agricultural association, or other person may file suit in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy and without regard to the citizenship of the parties and without regard to exhaustion of any alternative administrative remedies provided herein.[3]

98.    The AWPA is applicable to this action. First, Plaintiff and other Proposed Class Members are "seasonal agricultural workers" under 29 U.S.C. §1802(10)[4] since Class members were hired as seasonal employees for the purpose of shelling almonds, transporting almonds to and from the stockpile yard, and delivering the shelled almonds to the members' marketing organization. Second, Defendant is an "agricultural

---

[3] See also 29 U.S.C. § 1871: "This chapter is intended to supplement State law, and compliance with this chapter shall not excuse any person from compliance with appropriate State law and regulation."

[4] 29 U.S.C. §1802(10) provides:

[T]he term "seasonal agricultural worker" means an individual who is employed in agricultural employment of a seasonal or other temporary nature and is not required to be absent overnight from his permanent place of residence—

(i) [...]; or

(ii) when employed in ... packing, ..., or processing operations, and transported, or caused to be transported, to or from the place of employment by means of a day-haul operation.

association" under 29 U.S.C. §1802(1)[5] since it is a cooperative association of growers, incorporated under California law, and hires workers like Plaintiff. Furthermore, Defendant is also an "agricultural employer" under 29 U.S.C. §1802(2)[6] since Defendant owns a processing facility for shelling/hulling almonds and hires seasonal agricultural workers like Plaintiff.

99.     Defendant intentionally violated the AWPA by:

(a)     failing to pay wages when due to Plaintiff and Proposed Class Members, as required by 29 U.S.C. §1832(a);[7]

(b)     violating the terms of the working arrangements made with Plaintiff and Proposed Class Members in regards to meal and rest periods, in violation of 29 U.S.C. §1832(c);[8] and

(c)     failing to accurately record the number of hours worked, the total pay period earnings, and the net pay as required by 29 U.S.C. §1831(c)(1)(C), (D), and (F).[9]

---

[5] "The term 'agricultural association' means any nonprofit or cooperative association of farmers, growers, or ranchers, incorporated or qualified under applicable State law, which recruits, solicits, hires, employs, furnishes, or transports any migrant or seasonal agricultural worker." 29 U.S.C. §1802(1).

[6] "The term 'agricultural employer' means any person who owns or operates a farm, ranch, processing establishment, cannery, gin, packing shed or nursery, or who produces or conditions seed, and who either recruits, solicits, hires, employs, furnishes, or transports any migrant or seasonal agricultural worker." 29 U.S.C. §1802(2).

[7] 29 U.S.C. §1832(a) provides: "Each farm labor contractor, agricultural employer, and agricultural association which employs any seasonal agricultural worker shall pay the wages owed to such worker when due."

[8] 29 U.S.C. § 1832(c) provides: "No farm labor contractor, agricultural employer, or agricultural association shall, without justification, violate the terms of any working arrangement made by that contractor, employer, or association with any seasonal agricultural worker."

[9] 29 U.S.C. §1831(c) provides:
       Each farm labor contractor, agricultural employer, and agricultural association which employs any seasonal agricultural worker shall--
              (1) with respect to each such worker, make, keep, and preserve records for three years of the following information:
                     (A) the basis on which wages are paid;
                     (B) the number of piecework units earned, if paid on a piecework basis;
                     (C) the number of hours worked;
                     (D) the total pay period earnings;
                     (E) the specific sums withheld and the purpose of each sum withheld; and
                     (F) the net pay; and
              (2) provide to each such worker for each pay period, an itemized written statement of the information required by paragraph (1) of this subsection.

100.    Accordingly, Plaintiff is entitled to damages pursuant to 29 U.S.C. §1854(c)(1)-(2):

> (1) If the court finds that the respondent has intentionally violated any provision of this chapter or any regulation under this chapter, it may award damages up to and including an amount equal to the amount of actual damages, or statutory damages of up to $500 per plaintiff per violation, or other equitable relief, except that (A) multiple infractions of a single provision of this chapter or of regulations under this chapter shall constitute only one violation for purposes of determining the amount of statutory damages due a plaintiff; and (B) if such complaint is certified as a class action, the court shall award no more than the lesser of up to $500 per plaintiff per violation, or up to $500,000 or other equitable relief.
>
> (2) In determining the amount of damages to be awarded under paragraph (1), the court is authorized to consider whether an attempt was made to resolve the issues in dispute before the resort to litigation.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants, jointly and severally liable, as follows:

1.    For each Class Member: one (1) additional hour of pay at the employee's regular rate of compensation for each workday that a meal period was not provided from four (4) years prior to the filing of this Complaint to the present pursuant to Cal. Lab. Code § 226.7(c);

2.    For each Class Member: one (1) additional hour of pay at the employee's regular rate of compensation for each workday that a rest period was not provided from four (4) years prior to the filing of this Complaint to the present pursuant to Cal. Lab. Code § 226.7(c);

3.    Damages in an amount equal to all unpaid minimum wages, unpaid wages, overtime, and double time wages owed to Class Members for four (4) years prior to the

---

*See also* 29 U.S.C. § 1831(e): "No farm labor contractor, agricultural employer, or agricultural association shall knowingly provide false or misleading information to any seasonal agricultural worker concerning the terms, conditions, or existence of agricultural employment required to be disclosed by subsection (a), (b), or (c)."

Class Action Complaint

filing of this Complaint to the present;

4.      Liquidated damages pursuant to Cal. Lab. Code §1194.2 for three (3) years prior to the filing of this Complaint to the present;

5.      Penalties under Cal. Lab. Code § 226(e) for inaccurate wage statements from one (1) year prior to the filing of this Complaint to the present;

6.      An award of statutory waiting-time penalties equal to 30-days' wages, pursuant to Cal. Lab. Code § 203, to Proposed Class Members, each time he or she was discharged, quit, or laid off, including but not limited to each time he or she was discharged because of an end-of-season layoff, in accordance with Cal. Lab. Code §§ 201, 202 and 205.5 for three years (3) prior to the filing of the Complaint to the present;

7.      Monetary damages and civil penalties pursuant to Wage Order 8-2001(20)(A);

8.      A declaration that Defendant intentionally violated the Migrant and Seasonal Agricultural Worker Protection Act, 29 U.S.C. § 1801 *et seq.*;

9.      Monetary damages pursuant to the Migrant and Seasonal Agricultural Worker Protection Act, 29 U.S.C. § 1854(c);

10.     Injunctive relief, including an order enjoining Defendant from continuing ongoing violations of the Migrant and Seasonal Agricultural Worker Protection Act, and other injunctive relief as provided under California Business & Professions Code  §17200 *et seq.*;

11.     Reasonable attorneys' fees and costs incurred by Plaintiff in the prosecution of this action pursuant to applicable law, including without limitation, Cal. Lab. Code §§ 218.5, 226, and 1194 and Cal. Code of Civ. Proc. § 1021.5;

12.     Pre- and post-judgment interest at the maximum legal rate of interest for each item of damages listed above; and

13.     Such other and further relief as this Court deems just and proper.

/ / /

/ / /

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff demands a trial by jury.


DATED: April 13, 2018                          KINGSLEY & KINGSLEY, APC


By: _____
    Kelsey M. Szamet
    Attorneys for Plaintiff and the Proposed Class