1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE URENA, an individual, on behalf of himself and others similarly situated,<br><br>                     Plaintiff,<br><br>          v.<br><br>CENTRAL CALIFORNIA ALMOND GROWERS ASSN., et al.,<br><br>                     Defendants. | No. 1:18-cv-00517-NONE-EPG<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br><br>(Doc. Nos. 37, 46) |

Plaintiff Jose Urena ("Plaintiff") moved for preliminary approval of class action settlement on April 3, 2020. (Doc. No. 37).  The matter was referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the court's Standing Order, (Doc. No. 35-1, at 3).

On June 26, 2020, Magistrate Judge Erica P. Grosjean entered findings and recommendations, recommending the class be preliminarily approved subject to the recommendations listed therein. (Doc. No. 46, at 28-30).

The parties were provided an opportunity to file objections to the findings and recommendations.  The deadline to file objections has passed, and no party has objected or otherwise responded to the findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case.  Having carefully reviewed the entire file,

the court finds the findings and recommendations to be supported by the record and proper analysis.  Two items discussed in the findings and recommendations warrant specific mention here.  First the undersigned notes, as did the magistrate judge (*see* Doc. No. 46 at 15–16), that the ultimate settlement amount represents a very small fraction (1.266%) of the very large— albeit possibly overstated—potential recovery initially claimed by plaintiffs.  But, as the magistrate judge reasoned, given the potential weaknesses of plaintiffs' case and the substantial role played by a highly qualified mediator in the settlement process, *preliminary* approval is nonetheless appropriate.  Relatedly, the court also endorses the magistrate judge's cautionary approach to plaintiffs' preliminary indication that they will seek 33.33% of the gross settlement amount as an attorneys' fee award.  (*See id*. at 20–23.)  This amount, while above the Ninth Circuit's 25% "benchmark" for fees, is within the range of fee awards that are commonly found acceptable.  *See Barbosa v. Cargill Meat Sols. Corp*., 297 F.R.D. 431, 448 (E.D. Cal. 2013).  The court reminds the parties that it has a legal responsibility to carefully scrutinize and cross-check the final request and the motion for final approval.

Accordingly, THE COURT HEREBY ORDERS that:

1.    The findings and recommendations issued June 26, 2020, (Doc. No. 46) are ADOPTED IN FULL;

2.    The proposed class be conditionally certified under Rule 23(c)(1), for purposes of settlement only, as the proposed class satisfies the requirements of Rule 23(a) as well as the requirements for certification under one of the subsections of Rule 23(b), including that:

   a.    The class is so numerous that joinder of all members is impracticable;

   b.    There are questions of law and fact common to the class;

   c.    The claims or defenses of the representative party are typical of the claims or defenses of the class; and

   d.    The representative party will fairly and adequately protect the interests of the class.

3.	The following persons be preliminarily certified as Class Members solely for the purpose of entering a settlement in this matter:

> all who are employed or have been employed by Defendant, in the State of California, and who have worked one or more shifts as a non-exempt hourly agricultural employee, as defined by the California Labor Code, Industrial Welfare Commission Wage Order 8-2001, and 29 U.S.C. §1892(3) from April 13, 2014 through April 30, 2019.

4.	The Settlement Agreement (Doc. No. 37-2) be granted preliminary approval as it falls within the range of possible approval as fair, adequate, and reasonable, and appears to be the product of arm's length and informed negotiations and to treat all Class Members fairly, subject to the following recommendations:

a.	The settlement administrator take additional actions to locate class members, as discussed in the findings and recommendations.

b.	All terms in the settlement agreement and notice be harmonized with each other to the extent the court orders any changes to either.

c.	The *cy pres* recipient(s) of unclaimed funds be determined only after the funds are initially distributed.

5.	A final approval hearing on the question of whether the settlement, attorneys' fees and costs to class counsel, and the class representative service payment should be finally approved as fair, reasonable, and adequate be held as set forth below.

6.	The form and content of the Notice of Class Action Settlement (Doc. No. 37-2, at 21-26), be approved conditioned on the settling parties making the following modifications to the notice:

a.	Revise the objection provision of the notice of class action settlement to include an explanation that a class member may raise objections at the final approval hearing, but that the court retains discretion to decline to consider any objection that has not been timely submitted in writing.  These

instructions should explain that due to the ongoing public health crisis, the hearing may be telephonic only, but that any class members with objections or other concerns may nonetheless call into the hearing.  The notice should include the relevant call-in information, which will be provided to the parties when the hearing date is set.

   b.  Include suggested language to advise class members how to opt out and include all relevant objection requirements.

   c.  Include an email address to receive opt-outs and objections.

   d.  Remove track changes.

7.  The procedures for class members to be notified of, participate in, opt-out of, and object to the settlement, as set forth in the Settlement (Doc. No. 37-2 at 8-10), be approved as the best practicable under the circumstances and constitution sufficient due notice to the class members, conditioned on the settling parties making the following modifications:

   a.  The settling parties change the content of the notice consistent with the above.

   b.  ILYM Group use additional means of connecting with class members, such as phone calls, text messages, or a combination thereof, with instructions for updating their addresses.

   c.  Remove unnecessary requirements for opting out, including Social Security numbers.

8.  The settling parties be directed to file a second revised proposed notice and settlement agreement incorporating the above modifications within fourteen (14) days of this order.

9.  That class members will receive a settlement share unless they opt out of the settlement sixty (60) days after the notice is sent, except as otherwise set forth in the settlement agreement.

10.    ILYM Group, Inc. be appointed to act as the settlement administrator, under the terms set forth in the settlement agreement.

11.    Jose Urena be appointed as the Class Representative.

12.    Kingsley & Kingsley, APC, be appointed as Class Counsel.

13.    That the notice, (Doc. No. 37-2, at 21-26), with the above modifications, be distributed to class members in accordance with the procedures set forth in the Settlement Agreement (Doc. No. 37-2).  Proof of distribution of the notice is to be filed by the parties in conjunction with the motion for an order granting final approval of the Settlement.

14.    That a final approval hearing be held in Courtroom 10 (EPG) before Magistrate Judge Erica P. Grosjean, to determine whether the Settlement should be granted final approval as fair, reasonable, and adequate as to the class members.  The time and date for that hearing will be set upon receipt and approval of the revised proposed notice in accordance with the procedure set forth above.  The court will hear all evidence and argument necessary to evaluate the Settlement, and will consider any request, made by separate motion, by plaintiff and class counsel for class representative payments, and for class counsel fees and expenses payment.  Class members and their counsel may support or oppose the settlement and the motion for awards of class representative payments and class counsel fees and expenses payment, if they so desire and as set forth in the notice.

15.    That the motion for final approval of class action settlement be filed twenty-eight (28) days in advance of the final approval hearing, in accordance with Local Rule 230.

16.    That the court reserves the right to continue the date of the final approval hearing without further notice to class members.  The court retains jurisdiction to consider all further applications arising out of or in connection with the

1    Settlement.

2    17.    That not later than fourteen (14) calendar days after the deadline for objection or

3    exclusion, plaintiffs will file a motion for approval of their class counsel's

4    attorneys' fees and costs.  The motion for class counsel attorneys' fees and costs

5    shall be heard concurrently with the motion for final approval.

6

7    IT IS SO ORDERED.

8    Dated:    **August 10, 2020**    _____

9                                     UNITED STATES DISTRICT JUDGE