UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE URENA, an individual, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CENTRAL CALIFORNIA ALMOND GROWERS ASSN.,<br><br>Defendant. | No. 1:18-cv-00527-NONE-EPG<br><br>ORDER REGARDING SUPPLEMENTAL INFORMATION FOR REQUESTED COSTS |

On January 8, 2021, Plaintiff filed a motion for final approval of class-action settlement. (ECF No. 52). A hearing is set for this motion on February 5, 2021. The motion seeks, *inter alia*, attorneys' fees and costs. Defendant has not filed an opposition to the motion.

After its initial review, the Court believes that certain costs requested for reimbursement by Plaintiff's counsel are insufficiently supported. The Court, therefore, will grant Plaintiff's counsel an opportunity to provide supplemental information regarding certain costs.

First, Plaintiff's counsel seeks $1,476.30 for reimbursement to "Econ One," with the task code of "COSTS," and description: "INV#16342 Re Central CA Almond Growers[.]" (ECF No. 52-4 at 8). The Court is unsure what services were rendered. In the event Econ One rendered expert witness services, "[i]n order for the Court to award reimbursement for expert witness fees, the Court 'must find that the expert testimony submitted was crucial or indispensable to the

1

1  litigation at hand.'" *In re Immune Response Sec. Litig.*, 497 F. Supp. 2d 1166, 1178 (S.D. Cal.
2  2007) (quoting *In re Media Vision Tech. Sec. Litig.*, 913 F. Supp. 1362, 1366 (N.D. Cal. 1996));
3  *accord Rodriquez v. Farmers Ins. Co. of Arizona*, 649 F. App'x 620 (9th Cir. 2016) ("District
4  courts have discretion to reimburse expert witness fees if the expert's services were 'crucial or
5  indispensable' to the action." (quoting *United States v. City of Twin Falls, Idaho,* 806 F.2d 862,
6  878 (9th Cir.1986), *overruled on other grounds as recognized by Ass'n of Flight Attendants v.*
7  *Horizon Air Indus., Inc.,* 976 F.2d 541, 551–52 (9th Cir. 1992)). Although Plaintiff's counsel
8  declared that "[a]ll of [its] costs were necessarily incurred in the course of this litigation," (ECF
9  No. 52-2 at 26), the Court finds that additional support may be useful.

10  Second, Plaintiff's counsel seeks $3,335.84 in reimbursement for Westlaw research fees—
11  nearly one percent of the settlement amount. "[R]easonable charges for computerized research
12  may be recovered as attorney's fees . . . if separate billing for such expenses is the prevailing
13  practice in the local community." *Trustees of Const. Indus. & Laborers Health & Welfare Tr. v.*
14  *Redland Ins. Co.*, 460 F.3d 1253, 1258–59 (9th Cir. 2006); *accord Carlin v. DairyAmerica, Inc.*,
15  380 F. Supp. 3d 998, 1023–24 (E.D. Cal. 2019), *appeal dismissed sub nom. Carlin v. Spooner*,
16  808 F. App'x 571 (9th Cir. 2020) ("An attorney who has created a common fund for the benefit
17  of the class is entitled to reimbursement of reasonable litigation costs from that fund. . . . These
18  costs can include reimbursements for . . . online legal research . . . . The standard of
19  reasonableness of costs is to be given a liberal interpretation." (internal quotation marks and
20  citations omitted)).

21  The legal research costs Plaintiff's counsel seeks appear to be on a per-expense basis, as
22  they include six different charges of six different amounts. However, Plaintiff's counsel does not
23  include a statement showing that doing so is the prevailing practice in the local legal community.
24  The Court notes that some judges in California courts have found that per-search charges are not
25  prevailing practice in this district. *Resilient Floor Covering Pension Fund v. M & M Installation,*
26  *Inc.*, No. C08-5561 BZ, 2012 WL 1813395, at *4 (N.D. Cal. May 17, 2012) ("Defendants
27  provided evidence—unchallenged by Plaintiffs—that it is in fact not the prevailing practice in this
28  district to charge clients for computerized legal research, and that most firms pay a flat monthly

rate for these services in lieu of charging clients separately on a per search basis. . . . While this may be the practice of Plaintiffs' counsels' firm, Plaintiffs failed to counter Defendants' evidence that this is not the prevailing practice of firms in this district. I therefore decline to award Plaintiffs these costs."). In addition, it is not entirely clear from Plaintiff's counsel's declaration whether Plaintiff's firm paid these exact charges to Westlaw or whether they in fact pay a flat monthly rate and somehow apportion those costs among their cases.

Third, some of the costs are confusing. For instance, one cost, for $220, is under the task code "copies" but appears to be for reimbursement of a hotel. Others are unclear. For instance, $88.60 is given for "costs" to "On-call" with the description "service of S&C job completion date: 4/24/18 INV#69347." (ECF No. 52-4 at 10-11).

Accordingly, IT IS HEREBY ORDERED that Plaintiff file supplemental information concerning its costs no later than February 19, 2021.

IT IS SO ORDERED.

Dated: **January 28, 2021**                    /s/ Erica P. Grosjean
                                               UNITED STATES MAGISTRATE JUDGE