UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE URENA, as an individual, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CENTRAL CALIFORNIA ALMOND GROWERS ASSN.,<br><br>Defendant. | No.  1:18-cv-00517-NONE-EPG<br><br><u>ORDER VACATING FINDINGS AND RECOMMENDATIONS</u><br><br>(ECF No. 57)<br><br><u>ORDER FOR ADDITIONAL BRIEFING</u> |

Plaintiff Jose Urena, on behalf of himself and others similarly situated ("Plaintiff"), filed the complaint commencing this class-action lawsuit on April 13, 2018. (ECF No. 18).  Plaintiff filed a motion for final approval of a class-action settlement agreement on January 8, 2021, (ECF No. 52), and a motion for attorneys' fees and costs concurrently therewith, (ECF No. 52-1). The Court held a hearing on February 5, 2021.  On February 10, 2021, Plaintiff Urena filed a supplemental declaration concerning the amount of time he spent on this action. (ECF No. 55). On February 18, 2021, Plaintiff's counsel Kelsey M. Szamet ("counsel") filed a supplemental declaration concerning reimbursement of costs.  On March 12, 2021, the Court entered findings and recommendations, recommending that the motion for final approval be granted.  (ECF No. 57).  In its analysis, the court, like the parties, followed the factors the Ninth Circuit set forth in *Staton v. Boeing Co.*, 327 F.3d 938 (9th Cir. 2003).  (*See* ECF Nos. 52, 57).

On June 1, 2021, the Ninth Circuit decided *Briseno v. Henderson*, ___ F.3d ____, 2021 WL 2197968 (9th Cir. June 1, 2021).  The court held that consideration of the *Staton* factors alone is not enough: district courts must analyze proposed class-action settlements using the factors set forth in the revised Rule 23(e).  *Id.* at *8 ("[M]any of the *Staton* factors fall within the ambit of the revised Rule 23(e). But Congress provided district courts with new instructions — such as analyzing the 'terms of the settlement' and 'terms of any proposed award of attorney's fees' — that require them to go beyond our precedent.").  The Court did not do so in its initial findings and recommendations.  It will therefore vacate its initial findings and recommendations.

Rule 23(e)(2)(c) requires district courts consider whether "the relief provided for the class is adequate, taking into account . . . any agreement required to be identified under Rule 23(e)(3)[.]"  Rule 23(e)(3) requires parties seeking approval to "file a statement identifying any agreement made in connection with the proposal."  The court was unable to locate a statement in the briefing concerning Rule 23(e)(3).

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations entered March 12, 2021 are VACATED;
2. Within seven days, the parties shall file a statement providing the information required under Rule 23(e)(3); and
3. Within seven days, the parties may elect to file additional briefing, not exceeding ten pages, to address any other issues noted in this order.

IT IS SO ORDERED.

Dated: **June 14, 2021**          /s/ Erica P. Grosjean
                                    UNITED STATES MAGISTRATE JUDGE