UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE URENA, an individual, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CENTRAL CALIFORNIA ALMOND GROWERS ASSN.,<br><br>Defendants. | No. 1:18-cv-00517-NONE-EPG<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF'S MOTION FOR FINAL APPROVAL AND MOTION FOR ATTORNEYS' FEES BE GRANTED<br><br>(Doc. Nos. 52, 60) |

Plaintiff Jose Urena commenced this class-action lawsuit by filing a complaint against his former employer, defendant Central California Almond Growers Assn., on April 13, 2018. (Doc. No. 2.) This action proceeds on plaintiff's first amended complaint against defendant for federal and state wage-and-hour claims. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On June 24, 2021, the assigned magistrate judge issued supplemental findings and recommendations recommending that plaintiff's motion for final approval of the class-action settlement and motion for attorneys' fees and costs be granted. (Doc. No. 60.) Those findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within fourteen (14) days after service. (*Id.* at 26.) No objections have been filed, and the deadline to do so has expired.

1    In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C), this court has conducted a
2  *de novo* review of the case.

3    The magistrate judge's initial findings and recommendations, issued on March 12, 2021,
4  reviewed the proposed settlement under the factors set forth in the Ninth Circuit's decision in
5  *Staton v. Boeing Co.*, 327 F.3d 938 (9th Cir. 2003).  (Doc. No. 57.)  On June 1, 2021, the Ninth
6  Circuit issued its decision in *Briseno v. Henderson*, 998 F.3d 1014 (9th Cir. 2021), in which the
7  Ninth Circuit concluded that courts reviewing proposed settlement agreements cannot ignore the
8  factors set forth in Federal Rule of Civil Procedure 23(e)(2), which was revised after *Staton* was
9  decided.  The magistrate judge vacated the findings and recommendations in light of  the decision
10 in *Briseno* (Doc. No. 58) and issued supplemental findings and recommendations on June 24,
11 2021, which considered the Rule 23 factors (Doc. No. 60).  On August 17, 2021, the Ninth Circuit
12 issued a decision in *Kim v. Allison*, 8 F.4th 1170, 1178–79 (9th Cir. 2021), which further clarified
13 that district courts must also consider the *Staton* factors—which it called the *Churchill* factors—
14 along with the revised ones set forth in Rule 23(e)(2).  The initial findings and recommendations
15 analyzed the settlement under the *Staton* or *Churchill* factors, and the revised findings and
16 recommendations analyzed the settlement under the revised Rule 23(e)(2).  (Doc. Nos. 57 & 60.)
17 The conclusion the magistrate judge reached was the same both times.  The undersigned adopts
18 the analysis of the *Staton* factors from the magistrate judge's initial findings and
19 recommendations and the Rule 23(e)(2) analysis from the supplemental findings and
20 recommendations.  In sum, the undersigned concludes that the proposed settlement is fair,
21 reasonable, and adequate, and is approvable.

22    Accordingly,

23  1. The findings and recommendations issued on June 24, 2021, (Doc. No. 60), are adopted in
24     part;
25  2. Plaintiff's motion for final approval of the settlement agreement (Doc. No. 52) is
26     GRANTED, as modified as follows:

27     <u>Maximum Settlement Fund</u>: $ 375,000.00
       Class Representative Enhancements: $ 3,000.00
28     Class Counsel's Fees: $ 109,374.00

       Class Counsel's Costs: $16,542.51
       PAGA Payment: $11,250 (75% of $15,000)
       Settlement Administration Costs: $10,441.45
       *Net Settlement Amount*: $224,391.04

3. Approval of the settlement class is GRANTED and defined as:

> all who are employed or have been employed by Defendant, in the State of California, and who have worked one or more shifts as a nonexempt hourly agricultural employee, as defined by the California Labor Code, Industrial Welfare Commission Wage Order 8-2001, and 29 U.S.C. § 1892(3) from April 13, 2014 through April 30, 2019.

4. Plaintiff's request for a class representative enhancement payment is GRANTED, as modified, in the amount of $3,000.00;

5. Counsel's motion for attorneys' fees (Doc. No. 52-1) is GRANTED, as modified, in the amount of $109,375.00;

6. Counsel's request for costs is GRANTED, in the amount of $16,542.51; and

7. Within ninety days of the initial payments to class members being made, the parties are ordered to file a joint status report concerning (1) the remaining amount in the net settlement; (2) the feasibility of a waterfall payment structure; and (3) alternate proposed *cy pres* recipients.

IT IS SO ORDERED.

Dated: **September 22, 2021**

UNITED STATES DISTRICT JUDGE

3