# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE URENA, an individual, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CENTRAL CALIFORNIA ALMOND GROWERS ASSN.,<br><br>Defendant. | Case No.: 1:18-cv-0517 JLT EPG<br><br>ORDER APPROVING SUPPLEMENTAL DISTRIBUTION OF AWARD PAYMENTS TO SETTLEMENT CLASS MEMBERS |

Previously, the Court reviewed the terms of the settlement reached in this action and issued an order granting final approval of the class settlement. (Doc. 61.) In reviewing the terms, the Court expressed concern about CASA of Fresno and Madera Counties being appointed *cy pres* beneficiaries, and "[a]t the final approval hearing, Plaintiff appeared to concede that CASA does not meet the standards for being [a] *cy pres* recipient in this action…" (Doc. 46 at 19-20, Doc. 60 at 25.) In the motion for final approval, Plaintiffs offered to provide a waterfall of checks 'provided such a distribution makes financial sense considering the administrative fees for the distribution' or to meet and confer with Defendant to select another mutually agreeable non- profit." (Doc. 52 at 30.)

Stephanie Molina, Operations Manager for ILYM Group, reports the Settlement Administrator issued the approved settlement payments, including mailing checks to the 311 participating class members on October 22, 2021. (Doc. 68-1 at 4, ¶¶ 4-11.) Class members had 180 days—or until April 20, 2022—to cash their award checks. (*See id.*, ¶ 12; *see also* Doc. 68 at 2.) Ms. Molina reports

1

that 227 participating class members cashed their checks, but "a total of $33,207.75 in settlement checks remains uncashed" as of August 31, 2022.  (*Id.* at 5, ¶¶ 13-14.)

The parties jointly "propose 'waterfalling' the remaining uncashed Settlement Funds of $33,207.75 to the Settlement Class Members who have already negotiated their checks."  (Doc. 68 at 2.)  Pursuant to the terms of the settlement agreement, the distribution to class members is calculated on a pro rata basis, "based on the number of weeks they worked during the class period."  (*See* Doc. 60 at 12, citing Doc. 52-3 at 11.)  Ms. Molina reports that if the Court were to approve of re-distributing the uncashed funds to the class members, "the approximate average gross payment will be $119.61, and the approximate highest gross payment will be $601.09."  (Doc. 68-1 at 5, ¶ 14.)  In the alternative, the parties request that the funds be distributed to a *cy pres* recipient. (Doc. 68 at 2-3.)

Pursuant to the terms of the settlement agreement, the distribution to class members is calculated on a pro rata basis, "based on the number of weeks they worked during the class period." (*See* Doc. 60 at 12, citing Doc. 52-3 at 11.)  Ms. Molina reports that if the Court were to approve of re-distributing the uncashed funds to the class members, "the approximate average gross payment will be $119.61, and the approximate highest gross payment will be $601.09."  (Doc. 68-1 at 5, ¶ 14.)  Given the significant amount of remaining funds, the Court finds the proposed "waterfall" distribution to the class members who have cashed their checks would benefit the Settlement Class more than distribution to a *cy pres* beneficiary; this is appropriate.[1]

ILYM Group prepared an estimate for redistributing the uncashed funds to the 227 class members and indicated costs would not exceed $4,260.00.  (Doc. 70 at 2.)  According to the Settlement Administrator, this includes the cost of mailing the checks via United States First Class Mail, performing any skip traces, preparation of tasks, filing the tax return, distribution management, and reporting.  (*Id.*)  The Court finds this amount is reasonable, based upon the responsibilities of the Settlement Administrator and anticipated hours of work for the identified tasks.

Accordingly, the Court **ORDERS**:

1. The parties' joint request of "waterfalling" the remaining uncashed Settlement Funds

---

[1] Because the remaining funds will be re-distributed to class members, the Court declines to resolve the parties' dispute regarding the identify of a *cy pres* beneficiary at this time.

2

by a supplemental distribution to settlement class members is **APPROVED**.

2. Costs of the additional settlement administration shall not exceed $4,260.00.
3. The Settlement Administrator **SHALL** mail the supplemental payments to class members via U.S. First Class Mail within 60 days of the date of service of this order.
4. Consistent with the terms of the Settlement Agreement, Class Members **SHALL** have 180 days from the date of mailing to cash their checks.
5. Class Counsel **SHALL** file a declaration from Settlement Administrator, which identifies the date of mailing and addresses whether any funds remain undistributed, within 30 days of the expiration of the check cashing deadline.

IT IS SO ORDERED.

Dated:   **December 22, 2022**

UNITED STATES DISTRICT JUDGE

3