# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE URENA, an individual, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CENTRAL CALIFORNIA ALMOND GROWERS ASSN.,<br><br>Defendant. | Case No.: 1:18-cv-0517 JLT EPG<br><br>ORDER TO CLASS COUNSEL TO SHOW CAUSE WHY SANCTIONS SHOULD NOT BE IMPOSED FOR FAILURE TO COMPLY WITH THE COURT'S ORDER |

On December 22, 2022, the Court approved supplemental distribution of award payments to Settlement Class Members. (Doc. 71.) The Court ordered the settlement payments to be made within 60 days of the date of service of the approval. (*Id.* at 3.) Consistent with the terms of the settlement, the Court ordered that Class Members would have 180 days from the mailing to cash their checks. (*Id.*) Class Counsel were directed to file a declaration from the Settlement Administrator regarding the supplemental distribution within 30 days of the cashing deadline. (*Id.*) Thus, a declaration should have been filed within 270 days from the date of service of the approval order, or no later than September 18, 2023. To date, Class Counsel have not filed a declaration or otherwise communicated with the Court concerning the distribution.

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions … within the inherent power of the Court." Local Rule 110. "District courts have

1

inherent power to control their dockets," and in exercising that power, a court may impose sanctions including terminating sanctions. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). For example, a court may dismiss an action with prejudice, based on a party's failure failure to obey a court order or failure to comply with local rules. *See, e.g. Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61* (9th Cir. 1992) (terminating sanctions for failure to comply with an order); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (sanctions for failure to comply with a court order).

Accordingly, **within 21 days,** Class Counsel **SHALL** show cause in writing why sanctions should not be imposed for the failure comply with the Court's Order or to file a declaration from the Settlement Administrator that addresses the date of mailing and whether any funds remain undistributed. Failure to comply may result in the imposition of sanctions.

IT IS SO ORDERED.

Dated:   **November 2, 2023**

UNITED STATES DISTRICT JUDGE