1

2

3

4

5

6

7

8                              **UNITED STATES DISTRICT COURT**

9                              **EASTERN DISTRICT OF CALIFORNIA**

10

11   JOSE URENA, an individual, on behalf of      )   Case No.: 1:18-cv-0517 JLT EPG
     himself and others similarly situated,       )
12                                                 )   ORDER DISCHARGING THE ORDER TO SHOW
                   Plaintiff,                      )   CAUSE
13                                                 )   (Doc. 72)
             v.                                    )
14                                                 )   ORDER DIRECTING THE PARTIES TO FILE A
     CENTRAL CALIFORNIA ALMOND                     )   JOINT STATEMENT REGARDING
15   GROWERS ASSN.,                                )   APPOINTMENT OF A CY PRES BENEFICIARY
                                                   )
16                 Defendant.                      )
                                                   )
17   _____      )

18          The Court approved the supplemental distribution of award payments to Settlement Class

19   Members. (Doc. 71.) Recently, the Court ordered Class Counsel to show cause why sanctions should

20   not be imposed for failure to comply with its order directing Class Counsel to file a declaration

21   addressing the supplemental payments.  (Doc. 72.)  In response, Class Counsel filed a declaration from

22   Nathalie Hernandez, the Operations manager for ILYM Group, Inc.  (Doc. 75.)

23          Ms. Hernandez reported the total Settlement Amount to be redistributed was $33,207.75, which

24   included $4,260.00 for settlement administration fees to ILYM Group and $28,947.75 to the 227

25   Participating Class Members.  (Doc. 75 at 7-8, ¶ 13.)  "The total net amount sent to the Participating

26   Class Members was $23,770.91, as $3,380.33 was withheld for payment of the employee's portion of

27   applicable payroll taxes," to both the Internal Revenue Service and Employment Development Fund.

28   (*Id.* at 8, ¶ 14.)  ILYM Group issued the supplemental payments to the 227 Participating Class

1    Members on January 18, 2023.[1]  (*Id.*)  Based upon the agreement of the parties, "[t]he deadline for the

2    Participating Class Members to cash their settlement award checks was July 17, 2023; 180 days after

3    the issuance of the settlement award checks."  (*Id.*, ¶ 18.)  Ms. Hernandez reports that a total of

4    $1,178.04 remains uncashed.  (*Id.*, ¶ 19.)

5            The parties have not yet agreed as to what should be done with the unclaimed funds from the

6    supplemental payments, although the parties previously suggested distribution to a cy pres beneficiary

7    as an alternative to the waterfall payments.  (*See* Doc. 68 at 3.)  The Court declined to resolve the

8    parties' dispute regarding the identity of a cy pres beneficiary when ordering the supplemental

9    distribution to Participating Class Members, as the payments to class members were ordered instead.

10   (Doc. 71 at 2, n. 1.)  However, based upon the report of the Settlement Administrator, the issue of

11   unclaimed funds, and possible payment to a cy pre beneficiary, is now ripe.  *See Rodriguez v. West*

12   *Publ'g Corp.,* 563 F.3d 948, 966 (9th Cir. 2009) (finding cy pres distribution "becomes ripe only if

13   entire settlement fund is not distributed to class members"); *Dennis v. Kellogg Co.*, 697 F.3d 858, 865

14   (9th Cir. 2012) (issues regarding the identification of recipients "will not be ripe until it is determined

15   that available cash remains in th[e] fund after the claims process has concluded").

16           The parties provided very limited information regarding their respective proposed beneficiaries

17   of California Rural Legal Assistance and the State Bar of California, Legal Services Trust Fund

18   Program. (Doc. 68 at 3.)  Given the limited information, the Court is unable to properly evaluate

19   whether either organization is the better beneficiary.

20           The Ninth Circuit determined a proposed cy pres recipient should be "tethered to the nature of

21   the lawsuit and the interest of the silent class members." *Nachshin v. AOL, LLC*, 663 F.3d 1034, 1039

22   (9th Cir. 2011). In other words, the Ninth Circuit "require[s] that there be a driving nexus between the

23   plaintiff class and the cy pres beneficiaries." *Dennis*, 697 F.3d at 865 (citing *Nachshin*, 663 F.3d at

24   1038). The Court explained that without such tethering, the distribution of funds "may create the

25   appearance of impropriety" by catering "to the whims and self interests of the parties, their counsel, or

26

27   ───────────────────

28   [1] On the same date, ILYM Group issued payments to itself for the settlement administration fees, to the IRS for
     applicable federal payroll taxes, and to the Employment Development Fund for applicable state payroll taxes.
     (Doc. 75 at 8, ¶¶ 15-18.)

the court." *Nachshin*, 663 F.3d at 1038.  Thus, a cy pres award should not benefit a group that is "too remote from the plaintiff class." *Six Mexican Workers v. Arizona Citrus Growers*, 904 F.2d 1301,1308 (9th Cir. 1990).

In identifying a cy pres beneficiary, the Ninth Circuit directs courts to consider whether an award to the beneficiary "(1) address the objectives of the underlying statutes, (2) target the plaintiff class, or (3) provide reasonable certainty that any member will be benefitted." *See Nachshin*, 663 F.3d at 1039-1040 (citing *Six Mexican Workers*, 904 F.2d at 1307).  Furthermore, the Court must consider whether the cy pres distribution is appropriate given the "size and geographic diversity" of the class members. *Id.* at 1040-1041 (citing, e.g., *In re Airline Ticket Comm'n Antitrust Litig.*, 307 F.3d 679, 683 (8th Cir. 2002); *Houck on Behalf of U.S. v. Folding Carton Admin. Comm.*, 881 F.2d 494, 502 (7th Cir. 1989)). The parties did not address these factors, and the Court declines to speculate as to the arguments that may be presented if a dispute remains regarding a beneficiary. Accordingly, the Court **ORDERS**:

1.      The Order to Show Cause dated November 2, 2023 (Doc. 72) is **DISCHARGED**.

2.      The parties are **DIRECTED** to meet and confer regarding the identity of a cy pres beneficiary.

3.      The parties **SHALL** file a joint statement regarding the appointment of a cy pres beneficiary, addressing the factors set forth above for any proposed beneficiary, **no later than January 26, 2024**.


IT IS SO ORDERED.

Dated:   **December 7, 2023**

UNITED STATES DISTRICT JUDGE