UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE URENA, an individual, on behalf of himself and others similarly situated,<br><br>   Plaintiff,<br><br>   v.<br><br>CENTRAL CALIFORNIA ALMOND GROWERS ASSOCIATION, et al.,<br><br>   Defendants. | Case No.: 1:18-cv-0517 JLT EPG<br><br>ORDER APPOINTING CY PRES BENEFICIARY AND DIRECTING THE SETTLEMENT ADMINISTRATOR TO MAKE THE PAYMENT TO THE CY PRES BENEFICIARY<br><br>(Doc. 77) |

The parties report that 1,178.04 remains in uncashed funds following the supplemental payments to class members. (Doc. 77.) The parties now jointly request the appointment of California Farmerworker Foundation as the cy pres beneficiary, which the parties report is "a nonprofit law firm dedicated to building better futures for farm workers." (*Id.* at 2.)

The Ninth Circuit determined a proposed cy pres recipient should be "tethered to the nature of the lawsuit and the interest of the silent class members." *Nachshin v. AOL, LLC*, 663 F.3d 1034, 1039 (9th Cir. 2011). In other words, the Ninth Circuit "require[s] that there be a driving nexus between the plaintiff class and the cy pres beneficiaries." *Dennis v. Kellogg Co*., 697 F.3d 858, 865 (9th Cir. 2012) (citing *Nachshin*, 663 F.3d at 1038). The Court explained that without such tethering, the distribution of funds "may create the appearance of impropriety" by catering "to the whims and self interests of the parties, their counsel, or the court." *Nachshin*, 663 F.3d at 1038. Thus, a cy pres award should not

benefit a group that is "too remote from the plaintiff class." *Six Mexican Workers*, 904 F.2d at 1308.

In identifying a cy pres beneficiary, the Ninth Circuit directs courts to consider whether awards to the beneficiary "(1) address the objectives of the underlying statutes, (2) target the plaintiff class, or (3) provide reasonable certainty that any member will be benefitted." *Nachshin*, 663 F.3d at 1040. Further, the Court must consider whether the cy pres distribution is appropriate given the "size and geographic diversity" of the class members. *Id.* at 1040-41 (citing, *e.g.*, *In re Airline Ticket Comm'n Antitrust Litig.*, 307 F.3d 679, 683 (8th Cir. 2002); *Houck on Behalf of U.S. v. Folding Carton Admin. Comm.*, 881 F.2d 494, 502 (7th Cir. 1989)).

The parties observe, "The underlying Labor Code Sections brought by Plaintiff are laws intended to establish safe and fair working conditions for all California employees, including farmworkers, such as minimum wages/overtime and meal/rest periods." (Doc. 77 at 2-3.) According to the parties, "[s]uch laws create better working conditions for farmworkers, which aligns with the CFF's mission to create better futures for farmworkers." (*Id.*) The parties also note that because the Settlement Class "is composed largely of farmworker," the organization "certainly targets the Class." (*Id.*) Further, the parties direct the Court to the organization's website, which indicates CFF operates in the counties of Kern, Tulare, Fresno, Kings, Madera, Riverside, San Luis Obipso, and Santa Barbara. (*See id.*) Given the many locations of CFF, the Court finds it is likely class members—which includes employees of Defendant throughout the state of California—will benefit from the work performed by CFF. It appears the mission of CFF is appropriately tethered to the interests of the Settlement Class, and CFF is an appropriate cy pres beneficiary for the remaining uncashed funds.

Based upon the foregoing, the Court **ORDERS**:

1. The parties' joint request to appoint a cy pres beneficiary (Doc. 77) is **GRANTED**.
2. California Farmworker Foundation is **APPOINTED** as the cy pres beneficiary for the remaining uncashed funds.

///
///
///
///

3. The Settlement Administrator **SHALL** pay the remaining $1,178.04 to the cy pres beneficiary within 7 days of the date of service of this order.

IT IS SO ORDERED.

Dated: **March 29, 2024**

UNITED STATES DISTRICT JUDGE